# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

**OZGUR ALCAN,**

     **Plaintiff,**

         **Case No. 1:26-cv-292**

     **v.**

**SECRETARY, DEPARTMENT OF**     **JUDGE DOUGLAS R. COLE**
**HOMELAND SECURITY, et al.,**     Magistrate Judge Vascura

     **Defendants.**

## ORDER

U.S. Immigration and Customs Enforcement (ICE) is currently detaining Petitioner Ozgur Alcan pending removal proceedings. Alcan filed a Petition for Writ of Habeas Corpus (Doc. 1), requesting this Court to order his release or, in the alternative, to order Respondents to provide him a bond hearing. The problem for Alcan is that he recently filed a petition raising identical claims, (*see* Pet. for Writ of Habeas Corpus, *Alcan v. Sec'y of the U.S. Dep't of Homeland Sec.*, No. 1:25-cv-961, (S.D. Ohio Dec. 23, 2025), Doc. 1), and the Court dismissed that petition on February 19, 2026, (Doc. 11, No. 1:25-cv-961).[1] Admittedly, the Court withheld an entry of judgment until the government filed an estimate of when Alcan's removal order would be administratively final, (*id.*), but the government did so on March 5, 2026, (Doc. 12, No. 1:25-cv-961). Thus, the Court closed the case the same day. (Doc. 13, No. 1:25-cv-961).

---

[1] The Court primarily cites to documents from this newly filed case, No. 1:26-cv-292. When the Court must cite to the earlier case, No. 1:25-cv-961, the Court will include that case number.

Then, not even three weeks later, Alcan filed the instant Petition, asserting virtually identical claims to those the Court already had decided. (*Compare* Doc. 1 *with* Doc. 1, No. 1:25-cv-961). And he even mentions the earlier petition in his current one. (Doc. 1, #2). Yet he fails to offer any reason the Court should deviate from its previous analysis. At best, Petitioner claims that he "wishes to preserve the statutory claims" in light of the pending Sixth Circuit case, *Contreras-Cervantes v. Raycraft*, No. 25-01978 (6th Cir. 2025). (Traverse, Doc. 7, #140).[2] That case raises the same issue that Alcan advances here—that 8 U.S.C. § 1226(a) rather than 8 U.S.C. § 1225(b)(2) should control his detention. True, the Sixth Circuit recently heard oral argument in that case, but it has yet to issue an opinion. Thus, the Court's analysis from Alcan's identical earlier petition governs this petition as well.[3] Accordingly, the Court **DISMISSES** the Petition (Doc. 1), and **ORDERS** the Clerk to terminate the case. The Court, however, **DISMISSES WITHOUT PREJUDICE** in light of the pending Sixth Circuit decision.

---

[2] While Petitioner cites *Contreras-Cervantes*, the Sixth Circuit appears to have consolidated that case with several others. Oral argument, then, was technically held under *Lopez-Campos v. Raycraft*, No. 25-1965.

[3] The government argues that the law-of-the-case doctrine should apply to bar this successive petition. (Doc. 6, #135–38). The Court is not so sure that is the correct label to apply. After all, "[t]he defining feature of the law-of-the-case doctrine is that it applies only *within the same case.*" *Edmonds v. Smith*, 922 F.3d 737, 739 (6th Cir. 2019) (emphasis added). So the Court declines to apply that doctrine to this second habeas petition. *See Rosales-Garcia v. Holland*, 322 F.3d 386, 398 n.11 (6th Cir. 2003) ("We note, however, that it is not at all clear to us that the law-of-the-case doctrine should apply to successive habeas petitions."); *but see Raulerson v. Wainwright*, 753 F.2d 869, 875 (11th Cir. 1985) (applying law of the case doctrine to successive habeas petition). That said, the Court agrees with the notion that, absent extraordinary circumstances—such as a change in controlling law—once a court has decided a particular legal issue as to a particular plaintiff in a particular factual setting, the court is unlikely to adopt a different analysis when the same plaintiff files a new suit advancing the same claim on the same facts.

**SO ORDERED.**

April 9, 2026

**DATE**

**DOUGLAS R. COLE**
**UNITED STATES DISTRICT JUDGE**